(Reap. Dec. 10295)

MESSER IMPORT CORP. v. UNITED STATES

Entry No. 942212/4, etc.

(Decided July 12, 1962)

Brooks & Brooks (J. Joseph McDermott of counsel) for the plaintiff.

Joseph D. Guilfoyle, Acting Assistant Attorney General, (Morris Braverman, trial attorney), for the defendant.

OLIVER, Chief Judge:  The merchandise the subject of the appeals for reappraisement enumerated in the attached schedule of reappraise-

ments consists of footwear, exported from Japan on various dates in 1959 and 1960.

In each case, the merchandise was appraised at the invoiced unit values per pair (denominated on the invoices as "Ex-Factory" prices), plus the prorated amounts of items marked "X" in a circle on the invoices by the appraiser. The said items are specified on the invoices as inland freight, insurance, haulage, lighterage, storage, usual petties, etc. The plaintiff contends that the items referred to, which, for ease of reference, may be denominated as "inland charges," do not form part of the value of the merchandise for appraisement purposes.

The parties are in agreement, as evidenced by a stipulation of counsel entered into in open court, that the correct statutory basis of value for the merchandise involved in these appeals is export value, as defined in section 402a(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. It is also agreed that the amounts specified on the invoices in the cases at bar for the said inland charges are correct and that, if the said charges are dutiable charges, the appraised values are the correct values of the merchandise involved in the appeals.

Conversely, it is agreed that if the said charges are not dutiable charges, the unit invoice values are the correct values of the merchandise so involved.

It is clear, therefore, that the sole issue before the court is the correctness of the inclusion of the inland charges as part of the export values of the merchandise.

In support of its contention with respect to the issue so limited, the plaintiff has offered in evidence six affidavits, executed in Japan before an American vice consul. The affidavits were received in evidence, without objection, as collective exhibit 2 and are shown to have been executed by officers of the shipper of the merchandise, Hiraoka & Co., Ltd., of Tokyo, Japan, and by officers of the firms which manufactured or produced the involved merchandise in different places in Japan.

From an examination of the affidavits, it appears that the merchandise at bar was purchased in Japan by Hiraoka & Co., Ltd., who acted as buying agent for the importer. This fact is substantially corroborated by the allowance, on appraisement, of the item of buying commission specified on the invoices.

The affidavits establish that the merchandise at bar was purchased from three manufacturers or producers in Japan—Aruko Sangyo Co., Ltd., Marushin Chemical Rubber Co., Ltd., and Marushin Chemical Industry Co., Ltd., all located in Kobe, Japan.

I am satisfied that the affidavits establish that the merchandise represented by each of the item numbers specified on the invoices was freely

offered for sale to all purchasers under the terms and conditions specified in the statute at the factories of the manufacturers or producers in Kobe and that the prices at which the merchandise was so offered were the unit invoice prices, without the addition of the inland charges.

On the record before me, I find export value, as defined in section 402a(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the values of the merchandise at bar and that such values are the unit invoice values.

Judgment will issue accordingly.